**In re VAUGHN CHEVROLET, INC., Debtor.**

**Bankruptcy No. 91–10656.**

United States Bankruptcy Court, E.D. Tennessee.

Nov. 2, 1993.

Charles O. Ragan Jr., Richard P. Jahn Jr., Chattanooga, TN, for Vaughn Chevrolet, Inc.

Donald W. Strickland, Grant, Konvalinka & Grubbs, Chattanooga, TN, for Merrill, Lynch, Pierce, Fenner & Smith, Inc.

Harold L. North Jr., Chattanooga, TN, for C. Kenneth Still, Trustee.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

This Chapter 7 case is before the court on the motion of a creditor, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), to be allowed to file a formal proof of claim so as to amend an informal proof of claim and thus share in the dividend from the bankruptcy estate. Merrill Lynch failed to file a formal proof of claim before the bar date of June 11, 1991, but it now argues that certain actions it took before the bar date amount to a timely informal proof of claim which may be amended by the filing and relation back of a formal proof of claim.

## I.

The facts in this case are undisputed. In February 1991 the law firm of Grant, Konvalinka & Grubbs, P.C. ("law firm"), represented Merrill Lynch in respect to a claim Merrill Lynch had against the debtor, Vaughn Chevrolet,[1] for $65,125. The claim is based on Merrill Lynch's contention that the debtor wrote bad checks on its account at First National Bank, Pikeville, Tennessee, which were deposited into two cash management accounts maintained by Oscar and Fannette Vaughn at Merrill Lynch. The First National Bank refused to honor these checks, but not before Oscar and Fannette Vaughn had withdrawn $65,125 from the Merrill Lynch accounts.

Upon learning that attorney Charles Ragan represented the debtor in this bankruptcy case, the law firm wrote Mr. Ragan a letter on February 12, 1991, four days after the filing of the debtor's bankruptcy petition, in which it explained exactly how the various checks had come and gone through the Vaughns' accounts at Merrill Lynch and demanded "payment of these amounts in full immediately." Approximately one month later, the firm checked the schedules filed by the debtor and ensured that it was scheduled as a creditor with a claim of $66,000 for "returned checks."

The firm also participated in the Rule 2004 examination of Oscar Vaughn, which was held on March 8, 1991, in the presence of the trustee, the attorney for the trustee, and the Assistant United States Trustee, as well as other interested attorneys. During the examination of Oscar Vaughn, a firm member repeatedly sought to have Vaughn identify the checks involved and explain their significance. Vaughn, however, invoked his Fifth Amendment right against self-incrimination and refused to make any statement regarding the checks or the transactions in question. The law firm offered as exhibits to the examination copies of six of the eight checks involved in the transactions, including all four of the checks dishonored by the First National Bank, each of which bore the stamp,

"Endorsement Cancelled." A transcript of this examination with exhibits attached was filed with the clerk on March 27, 1991, and again on June 25, 1993, but the record does not disclose who tendered the transcripts to the clerk for filing.

On March 22, 1991, the law firm filed and served a notice of appearance on behalf of Merrill Lynch, requesting that it receive the notices appropriate to creditors in the case. On that same day, the law firm prepared a formal proof of claim to be filed on behalf of Merrill Lynch. It was signed, dated with that day's date, and placed in a file where it remained until the law firm realized its error on August 20, 1993, long past the bar date for filing proofs of claim.

On August 23, 1993, the law firm filed a motion in which it proposed to file a formal proof of claim and asked that it be treated as the amendment of a timely-filed informal proof of claim. It also asked to share in the dividends from the estate, payment of which was then pending. According to an affidavit filed by the law firm, it had fully intended to file the formal proof of claim it prepared and had simply forgotten to do so.

Merrill Lynch's motion was heard on September 16, 1993, by which time another creditor, General Motors Acceptance Corporation, had filed an objection to the motion. After argument, the court took the motion under advisement.

## II.

■ Merrill Lynch argues that writing a demand letter to the debtor's attorney, filing a notice of appearance, and participating in the Rule 2004 examination, when considered together, amount to a timely informal proof of claim whose deficiencies can be cured by the late filing and relation back of a formal proof of claim. Generally, "[a]mendments of proofs of claim in bankruptcy to correct defects or mistakes are liberally allowed...." *Szatkowski v. Meade Tool & Die Co. (In re Meade Tool & Die Co.),* 164 F.2d 228, 230 (6th Cir.1947) (allowing a creditor to amend

---

1. Oscar Vaughn, president of Vaughn Chevrolet, is the debtor in a separate bankruptcy case in this court.

his unsecured claim to make it a secured claim).

Federal Rule of Bankruptcy Procedure 3002(c) provides that claims in Chapter 7 cases "shall be filed within 90 days after the first date set for the meeting of creditors...." Rule 3001(a) defines proof of claim as "a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." The appropriate form is Form 10, Official Bankruptcy Forms, which, among other things, calls for a brief description of the basis of the claim, the date the debt was incurred, the classification of the claim (secured, unsecured, priority), the amount of the claim, and the creditor's name and address.

■ It is noteworthy that Rule 3002(c) is peremptory in its language, requiring that a claim "shall be filed" within the 90–day period. Under Rule 5005(a), "filed" means filed with the clerk of the court in which the case is pending or, by permission, with the presiding judge. This filing requirement is important because it is a prerequisite to the allowance, and hence payment, of any claim.

Merrill Lynch relies on a body of judicial law allowing a creditor to amend its deficient or defective proof of claim if that proof of claim was timely filed. The cases, however, are not in agreement on the filing requirement, despite the peremptory language of the rules, and therein lies the primary difficulty in this case. Many of the courts rely on a four element test of the validity of an informal proof of claim as set out in *In re McCoy Management Services, Inc.*, 44 B.R. 215, 217 (Bankr.W.D.Ky.1984), in which the court listed the following prerequisites:

1. The proof of claim must be in writing.

2. The writing must contain a demand by the creditor on the debtor's estate.

3. The writing must express an intent to hold the debtor liable for the debt.

4. The proof of claim must be filed with the bankruptcy court:[2]

*See, e.g., In re Reliance Equities*, 966 F.2d 1338, 1345 (10th Cir.1992); *In re Mother Hubbard, Inc.*, 152 B.R. 189, 192 (Bankr. W.D.Mich.1993); *In re Dietz*, 136 B.R. 459, 463 (Bankr.E.D.Mich.1992); *In re Murchison*, 85 B.R. 37, 41 (Bankr.N.D.Tex.1987). Other courts, although not specifically relying on the summary of elements given in *McCoy*, also treat filing as a prerequisite to an informal proof of claim. *In re International Horizons*, 751 F.2d 1213, 1217 (11th Cir.1985); *In re Evanston Mtr. Co.*, 735 F.2d 1029, 1031–32 (7th Cir.1984); *In re Harper*, 138 B.R. 229, 234 (Bankr.N.D.Ind.1991); *In re E.C.W., Inc.*, 107 B.R. 451, 453 (Bankr. D.Conn.1989); *In re Key*, 64 B.R. 786, 789 (Bank.M.D.Tenn.1986). Of course, filing with the clerk makes a document part of the judicial record in the case.

Several courts, however, seem to treat the matter of filing as less than imperative and hold that combinations of circumstances indicating a creditor's intent to press a claim are sufficient to set up an informal proof of claim in the "informal" record. For example, the Eighth Circuit has stated its standard as follows:

> If the record made within the statutory period, *formal* or *informal,* disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment....

*In re Haugen Const. Serv.*, 876 F.2d 681, 682 (8th Cir.1989) (per curiam) (quoting *Tarbell v. Crex Carpet Co.*, 90 F.2d 683, 685–86 (8th Cir.1937)). The court did not define what it meant by an informal record, but it relied heavily on the fact that the creditor's attorney had written a letter to the United States Trustee before the bar date stating the essence of the creditor's claim. That letter was never filed with the clerk.

The question of filing is further complicated by Federal Rule of Bankruptcy Procedure 5005(c), which provides:

(c) **ERROR IN FILING OR TRANSMITTAL.** A paper intended to be filed

---

2. The *McCoy* court's fifth factor—whether it would be equitable to allow the amendment—obviously deals with the question of whether the amendment should be allowed once the informal

proof of claim is determined to be valid. It has nothing to do with the validity per se of the informal proof of claim, which is determined by the first four factors.

with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. A paper intended to be transmitted to the United States trustee but erroneously delivered to the clerk, the trustee, the attorney for the trustee, a bankruptcy judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the United States trustee. In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk or transmitted to the United States trustee as of the date of its original delivery.

Some cases seem to say that the filing of a document is no prerequisite to its treatment as an informal proof of claim, but they then rely on Rule 5005(c), or its predecessors, Rules 5005(b) or 509(c), and deem the document filed because it was delivered to one of the officials mentioned in the Rule. An example of this kind of case is *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811, 816 (9th Cir. 1985), in which the court stated that "an informal proof of claim need not appear on the bankruptcy court's record or in its files." The court, however, relied on Rule 5005(b), the predecessor to Rule 5005(c), to find that the creditor's correspondence with the debtor-in-possession, which included the service of a wrongful death complaint on the debtor, amounted to an informal proof of claim for the alleged wrongful death. The court particularly noted the creditor's "communications to Sambo's were the equivalent of communications to a trustee" because Sambo's was a "debtor in possession with all the powers of a trustee." *Id.* Because papers misdelivered to a trustee could be deemed filed under Rule 5005(b), the court allowed them as an informal claim. To the same effect is *Anderson–Walker Industries v. Lafayette Metals (In re Anderson–Walker Industries)*, 798 F.2d 1285 (9th Cir.1986), in which the creditor sent the trustee's attorney a timely letter setting out its claim, and the

court, applying the misdelivery rule in effect at the time, Rule 509(c), allowed the letter as an informal proof of claim to which a late-filed formal proof of claim could relate back.

Both *Sambo's* and *Anderson–Walker* relied on an earlier Ninth Circuit case, *County of Napa v. Franciscan Vineyards (In re Franciscan Vineyards)*, 597 F.2d 181 (9th Cir. 1979) (per curiam), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). In *Franciscan Vineyards*, the County of Napa sent a letter enclosing two tax bills to the debtor's trustee, who failed to forward it to the referee or to take any other action respecting it. The court held the letter sufficient to constitute an informal proof of claim and rejected the idea that the informal proof of claim, to be amendable, must have been filed. The court did not mention Rule 509(c) or any misdelivery rule under which the letter could be deemed filed, but relied on *J.B. Orcutt Co. v. Green*, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390 (1907), a case holding that, under General Order 21, the earliest misdelivery rule, delivery of a proof of claim to a bankruptcy trustee was the equivalent of filing with the court. General Order 21 read, "[p]roofs of debt received by any trustee shall be delivered to the referee to whom the cause is referred." Because the trustee failed to deliver proofs of claim to the referee as commanded, the Supreme Court viewed this as the "neglect of an officer of the court....," which could not be attributed to the creditor. *Id.* at 197. Although General Order 21 has no "deeming" language, the Supreme Court deemed the letter filed when it held service on the trustee to be the "equivalent" of filing.

■ From the foregoing cases, it appears that the general rule applied by most courts is that a document must be filed with the clerk as a prerequisite to its recognition as an informal proof of claim. Where an amendable document has not been filed with the clerk, the courts have treated as filed such documents, otherwise acceptable as informal proofs of claim, as were delivered to one of the officers specified in the then-

current misdelivery rule,[3] whether the court invoked the rule or not. Debtors have never been listed as officers in any misdelivery rule.

■ In the present case, Merrill Lynch argues that the demand letter sent to the debtor's attorney should be treated as a filed document qualifying for amendment. That letter, though a perfectly good demand letter, was not delivered to an officer of the court within the meaning of the misdelivery rule, Rule 5005(c), and thus does not qualify as a misdelivered proof of claim.[4] It did not reach the court's files, nor was it ever intended to, for the creditor's obvious intent was to file the formal proof of claim it timely prepared and then simply overlooked until after the bar date. The letter to the debtor's attorney, therefore, cannot be considered an informal proof of claim because (a) it was never filed, and (b) it cannot be deemed filed.[5]

## II.

■ Merrill Lynch also argues that its conduct in participating in the taking of Oscar Vaughn's Rule 2004 examination formed the basis for an informal proof of claim in that during the examination, Merrill Lynch's attorney tried and failed to have the deponent identify the dishonored checks. The checks were made exhibits to the examination, and a copy of the transcript of the examination, with numerous exhibits attached, was filed by someone within the bar date. Merrill Lynch does not contend, and has not proven, that it filed the transcript.

While it may be true that the trustee gained some knowledge of the possibility of Merrill Lynch's claim by sitting through the examination at which the checks were presented, it does not follow that the process amounted to an informal proof of claim. The cases are nearly unanimous in requiring that an informal proof of claim "must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *In re Anderson–Walker Industries,* 798 F.2d at 1287; *accord In re Haugen Const. Serv.,* 876 F.2d at 682; *In re Charter Co.,* 876 F.2d at 864; *In re Sambo's Restaurants, Inc.,* 754 F.2d at 815; *In re Mother Hubbard, Inc.,* 152 B.R. at 192; *In re Key,* 64 B.R. at 789; *In re McCoy Management Services,* 44 B.R. at 217. Although the checks do show the amount of a potential claim, there is simply no demand evident in anything the creditor said or did at the examination. Suspicious checks were presented for identification. The checks were not identified by the deponent and were attached as exhibits to the examination to show what the deponent did not identify.

■ The transcript does not amount to an informal proof of claim for other reasons, as well. In order to be an amendable, informal proof of claim, a document should be filed for the purpose of receiving some official reaction.

> The mere finding of a document within the files does not end the search for an "amendable claim." The document must satisfy certain basic requirements before constituting an amendable proof of claim. First, the document must have been filed within the requisite time limit. Second, *the document must evidence some positive conduct on the part of the creditor.* Third,

**3.** Former General Order 21, former Rule 509(c), former Rule 5005(b), or current Rule 5005(c).

**4.** All the cases relied on by Merrill Lynch in this connection involve communications to the trustee or the court itself. Brief of Merrill Lynch at 5–7.

**5.** The letter, of course, made the debtor aware of the creditor's claim, but "[d]ebtor's knowledge of the claim has never been held sufficient to constitute an informal proof of claim." *In re Murchison,* 85 B.R. 37, 41 (Bankr.N.D.Tex.1987); *accord Charter Co. v. Dioxin Claimants (In re Charter Co.),* 876 F.2d 861, 864 (11th Cir.1989); *Wilk-*

*ens v. Simon Bros., Inc.,* 731 F.2d 462, 465 (7th Cir.1984); *In re Harper,* 138 B.R. 229, 234 (Bankr.N.D.Ind.1991); *In re Pernie Bailey Drilling Co.,* 105 B.R. 357, 361 (Bankr.W.D.La.1989); *but c.f. Walsh v. Lockhart Assoc.,* 339 F.2d 417, 418 (5th Cir.1964) (because debtor, the trustee, the trustee's attorney, and the referee knew about creditor's claim, unscheduled creditor without notice of the bankruptcy allowed to file claim to prevent "rank fraud"), *cert. denied,* 380 U.S. 953, 85 S.Ct. 1085, 13 L.Ed.2d 970 (1965). Similarly, mere knowledge on the part of the trustee does not constitute an informal proof of claim. *In re Murchison,* 85 B.R. at 39; *Dabney v. Addison,* 65 B.R. 348, 351 (E.D.Va.1985).

the informal proof of claim must state an explicit demand against the estate evidencing an intent to hold the estate liable. *In re Sems Music Co.*, 24 B.R. 376, 380 (Bankr.M.D.Tenn.1982) (citations omitted) (emphasis added). A motion to lift stay, for example, may so clearly display a claim, and so obviously demonstrate an active intention by the creditor to realize upon its collateral, that it may be treated as an informal·proof of claim. *In re Key*, 64 B.R. at 789; *see also In re Harper*, 138 B.R. at 235–36 (collecting cases discussing motions to lift stay, objections to confirmation, or objections to discharge as informal proofs of claim).

■ When a document, however, is filed without any intention that there be an official response to it, it cannot reasonably be viewed as a claim. The transcript in this case is 149 pages long, and appended to it are 28 exhibits, many of them collective exhibits. No one would suppose that the court or the clerk or the trustee, on receipt of the transcript, would sit down to scrutinize it for concealed claims that might warrant an official response. The transcript was not even filed in connection with any document seeking a response from the court or trustee. It appears simply to have been filed by someone for later reference, but no reference was made to it by Merrill Lynch until it filed the instant motion, years after the bar date. The transcript as a document, therefore, lacks the essential characteristics of an informal proof of claim. If the mere filing of a Rule 2004 deposition, perhaps as an unwitting formality by the court reporter, triggered duties by the court or trustee to analyze the text for all imaginable claims, the purposes of Rule 3002 would be largely vitiated.

### III.

■ Finally, Merrill Lynch points to a document filed by its attorneys before the bar date, captioned "Request for Notice under Rule 2002," in which the law firm announced its appearance as counsel for·Merrill Lynch and requested that it be served with copies of all notices required to be given in the case. The document contains nothing that could be construed as a demand on the estate, and the only intent implicit in the Request is the intent to monitor developments in the case. *Biscayne 21 Condominium Ass'n v. South Atlantic Fin. Corp. (In re South Atlantic Fin. Corp.)*, 767 F.2d 814, 820 (11th Cir.1985) (holding that a notice of appearance is insufficient as an informal proof of claim). Lacking, as it does,˙ any mention of a claim in any amount or on any basis, the Request is insufficient as a formal proof of claim for the reasons mentioned in Part II. *See In re McCoy Management Services*, 44 B.R. at 217; *In re Sems Music Co.*, 24 B.R. at 380.

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993), the Supreme Court observed that

> [t]he "excusable neglect" standard of Rule 9006(b)(1) governs late filings in Chapter 11 cases but not in Chapter 7 cases. The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors.

The policy of prompt closure and distribution of estates in Chapter 7 explains why Rule 3002 has no "excusable neglect" exception, and that fact serves as a caution to courts that might otherwise be inclined to magnify the breadth of their equitable powers in order to forgive a simple mistake.

The court finds that Merrill Lynch has filed no document that meets the judicial standards for recognition as an informal proof of claim. Accordingly, there is nothing a late-filed formal proof of claim can relate back to, and the creditor's motion must be denied.

An appropriate order will be entered.