the other creditors were aware of Barlow's desire to collect from the debtor, and the debtor had in an earlier version of its reorganization plan accounted for the debt Barlow was owed. Furthermore, and most important, Barlow and his counsel acted in complete good faith. No one argues that Barlow intentionally failed to file a proof of claim. Barlow filed a number of motions with the bankruptcy court which established Barlow's claim and gave full notice to the bankruptcy court and all interested parties.

For these reasons, I would allow Barlow to file on the basis of excusable neglect. "No harm, no foul" is the maxim we should follow here, not some rigid, technical procedural rule that makes little sense as applied to this case. I would not simply defer to the bankruptcy judge here. Our review is de novo, and the District Court's reasoning is much more balanced and persuasive.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0324P (6th Cir.)
File Name:  00a0324p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re:  M.J. WATERMAN & ASSOCIATES, INC.,

           *Debtor.*

_____

DUANE H. BARLOW,

           *Appellee,*

    *v.*

M.J. WATERMAN & ASSOCIATES, INC.,

           *Appellant.*

No. 99-1446

Appeal from the United States District Court for the Eastern District of Michigan at Detroit. No. 98-74128—Avern Cohn, District Judge.

Argued:  June 22, 2000

Decided and Filed:  September 15, 2000

Before:  KEITH, MERRITT, and COLE, Circuit Judges.

## COUNSEL

**ARGUED:** Thomas B. Radom, BUTZEL LONG, Birmingham, Michigan, for Appellant. Brian H. Rolfe, FALCONE & ROLFE, P.C., Southfield, Michigan, for Appellee. **ON BRIEF:** Thomas B. Radom, BUTZEL LONG, Birmingham, Michigan, Michael F. Smith, BUTZEL LONG, Detroit, Michigan, for Appellant. Joseph Falcone, FALCONE & ROLFE, P.C., Southfield, Michigan, for Appellee.

KEITH, J., delivered the opinion of the court, in which COLE, J., joined. MERRITT, J. (pp. 15-16), delivered a separate dissenting opinion.

## OPINION

DAMON J. KEITH, Circuit Judge. Debtor-Appellant, M.J. Waterman & Associates, Inc. ("Waterman"), appeals from a judgment of the United States District Court for the Eastern District of Michigan which reversed a decision of the United States Bankruptcy Court for the Eastern District of Michigan in which the bankruptcy court refused to treat the pre-bar date filings of Creditor-Appellee Duane H. Barlow ("Barlow") as an informal proof of claim and his objection to Waterman's Bankruptcy Reorganization Plan as an informal ballot. For the following reasons, we **REVERSE** the district court's decision and **AFFIRM** the judgment of the bankruptcy court.

### I.

On August 13, 1997, after a jury trial, Duane H. Barlow ("Barlow") obtained a judgment against Waterman from a Michigan state court in the amount of $136,345.31, plus $25,000 in attorney's fees plus interest. On October 16, 1997, Waterman filed for reorganization under Chapter 11 of the

## DISSENT

MERRITT, Circuit Judge, dissenting. I disagree with the panel's result and its analysis in this case. Our focus should be whether Barlow's failure to file a proof of claim or vote on the reorganization plan is "excusable neglect," not whether Barlow's actions amounted to an informal proof of claim or vote. *See* Bankruptcy Rule 9006(b). Whatever may have gone on in the bankruptcy court below, this is clearly the rule to be applied and applying it in this case is an easy call for me. Bankruptcy Rule 9006(b) specifically allows a court to enlarge the time for a party to file a late claim in two circumstances: where the request is made prior to expiration of the original period, or if the original period has expired, where the failure to act was the result of "excusable neglect." In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993), the Supreme Court interpreting 9006(b) ruled that courts are permitted to accept on motion late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. The Court found that the determination whether neglect is excusable is by and large an equitable one and that all relevant circumstances surrounding the party's omission should be taken into account — for example, the danger of prejudice to the debtor; the length of the delay and its potential impact on the proceedings; the reason for the delay; whether the delay was within reasonable control of the late party; and whether the late party acted in good faith. *Id.* at 395.

Considering these factors, it is clear that there would be no prejudice to the debtor. Based on Barlow's various motions, debtor was on full notice of Barlow's intention to collect the judgment that it was owed. In fact, it was the Barlow's pursuit of his judgment award that drove the debtor into Chapter 11 bankruptcy. Allowing the late filing would also cause little impact on the bankruptcy proceeding itself. All of

*Equip. Co.*, 181 F.3d at 770.  Adhering as we must to the abuse of discretion standard, we find that the bankruptcy court's refusal to allow Barlow to circumvent well-established bankruptcy procedural rules was well within its discretion.  It is an outcome over which reasonable minds could certainly differ and cannot be deemed an abuse of discretion.

## VIII.

The bankruptcy court's refusal to treat Barlow's pleadings as an informal proof of claim and his objections to the Plan as an informal ballot are hereby **AFFIRMED**.

Bankruptcy Code, listing eleven priority and unsecured creditors with claims totaling in excess of $686,000.  Barlow was listed as a creditor holding a disputed unsecured non-priority claim[1] in the principal amount of $161,891.91.  On October 22, 1996, the Clerk of the bankruptcy court issued a Notice of Commencement of Waterman's Chapter 11 case.  This Notice set a deadline (hereafter "bar date") of February 16, 1998, for the filing of proofs of claim against Waterman.  All of Waterman's creditors received this Notice, including Barlow.

During the next several months, Barlow filed several motions with the bankruptcy court, ostensibly in an effort to protect his interest in Waterman's assets.[2]  Mistakenly believing that the filing of these motions obviated the need to file a proof of claim, Barlow did not file a proof of claim by the bar date, calling his right of recovery against Waterman into question.

On February 13, 1998, Waterman filed its combined Plan of Reorganization and Disclosure Statement ("Plan"), which it amended per the bankruptcy court's instructions and re-submitted on March 25, 1998.  According to Waterman's Plan, it would pay its unsecured non-priority creditors 100 percent of the value of their claims over a fixed term.  This term would be two and a half years if Barlow's claim were disallowed and five years if his claim were allowed.  On March 31, 1998, the bankruptcy court issued an order granting preliminary approval of the amended Plan, establishing

---

[1] The claim was listed as "disputed" because the state court judgment was on appeal to the Michigan Court of Appeals.

[2] Barlow's filings consisted of: (1) a Motion to Fix or Limit Compensation of Officers of Debtor and to Order the Business Operations of Debtor to Cease; (2) a Motion for Appointment of a Trustee for Purpose of Filing Complaint to Avoid Preference and to Set Aside Fraudulent Conveyance; (3) a Motion to Dismiss or in the Alternative Lift Automatic Stay; (4) a Motion to Enjoin [Debtor's Former Employer] from Paying Commissions Directly to the Debtor; and (5) a Request for Inclusion of Information in Disclosure Statement.

May 8, 1998 as the deadline by which creditors were to file ballots and objections to the Plan, and ordering Waterman to serve all parties in interest with copies of the Plan and a ballot for accepting or rejecting the Plan. The bankruptcy court set May 22, 1998 as the date for a hearing on confirmation of the Plan.

On April 2, 1998, the bankruptcy court held an evidentiary hearing on the motions Barlow filed after receiving Waterman's Chapter 11 Notice. At the hearing, several of the other creditors objected to the proceedings because Barlow had failed to serve them with copies of the motion to dismiss, in contravention of the applicable Bankruptcy Rules. Barlow's attorneys acknowledged their failure to comply with the Bankruptcy Rules and the bankruptcy court adjourned the evidentiary hearing until May 22, 1998, the same day as the hearing on the confirmation of the Plan. Also on April 2, 1998, Barlow filed an Amended Proof of Claim in the amount of $161,345.31. He further filed: (1) objections to the claims of two creditors; (2) objections to Waterman's proposed Plan; (3) a Notice of Withdrawal of the Motion to Dismiss and in its place a Motion to Convert the Chapter 11 Case to a Chapter 7 Case; and (4) a Motion to Allow the Amended Claim.

By the May 8, 1998 deadline for filing ballots approving or rejecting Waterman's Plan, seven creditors had filed ballots voting to accept the Plan with none of the creditors casting a vote to reject the Plan. Barlow failed to file a ballot at all. On August 10, he filed a request that his previously filed objection to the Plan be considered as an informal ballot rejecting the Plan.

On September 8, 1998, the bankruptcy court held a hearing in which it heard argument addressing Barlow's motions and confirmation of the Plan. Among the issues before the court were: (1) whether Barlow's pre-bar date motions should constitute an "informal proof of claim" which could be amended so as to allow his claim against Waterman; and (2) whether Barlow's objection to the Plan should be treated as

under the impression that his previously-sent objections to the Plan were sufficient and constituted an "informal vote."

As noted by the district court, there are only two published opinions which address the question of whether an objection to a Plan may be deemed an informal vote rejecting the Plan, and these two cases reach opposite conclusions. In *In re Westwood*, the bankruptcy court for the Eastern District of Texas found that the creditor's objection should suffice as a vote because the objection put the debtor on notice that the creditor was dissatisfied with the terms of the Plan. *Westwood*, 147 B.R. 692, 698 (Bankr. E.D. Tex. 1992), *aff'd* in part, *rev'd and remanded* in part, 192 B.R. 693 (E.D. Tex. 1996). By contrast, the Southern District of Florida's bankruptcy court determined that a creditor who had filed written objections, but not a formal ballot, had not cast a vote against the Plan. *In re Miami Trucolor Service Co.*, 187 B.R. 767 (Bankr. S.D. Fla. 1995). Moreover, the *Miami Trucolor* court declined to follow *Westwood* because *Westwood* "cited no direct authority in support of its conclusion that an objection to confirmation should be considered a vote against the Plan." *Id.* at 770 n.8. After comparing the two aforementioned cases, the district court was convinced by *Westwood's* function-over-form approach and determined that the position taken in *Westwood* was "the more appropriate in the circumstances of this case" because Barlow's filing of the objections indicated at least some measure of diligence on his part.

In the face of conflicting caselaw on this topic, we cannot agree that the bankruptcy court abused its discretion under these circumstances. While the district court's conclusion that Barlow's vigilance saves his claim is a plausible one, we believe it is impermissibly substituting its own judgment in place of that of the bankruptcy court. And while the district court's position is a reasonable one, it does not follow that the bankruptcy court's conclusion to the contrary was so unreasonable as to be unsupportable or to leave us with a "definite and firm conviction that the [bankruptcy court] committed a clear error of judgment." *Soberay Mach. &*

We recognize the merits of Barlow's position, but adhering to our strict standard of review, we simply cannot find that the bankruptcy court abused its discretion by refusing to allow his pleadings to serve as an informal proof of claim in this matter. In short, we find no abuse of discretion in the bankruptcy court's refusal to allow Barlow to go back and formalize his claim where the bankruptcy court was motivated in large part by judicial economy and the interest in protecting the debtor and creditors, all of whom had adhered to the bankruptcy procedural rules, against further delay in distribution of the estate. This is a question on which reasonable minds might differ, and as such we uphold the bankruptcy court's ruling.

## VII.

Barlow also appeals the bankruptcy court's decision that his failure to file a ballot rejecting the Plan precluded him from voting on the Plan. Barlow filed Objections to Debtor's Chapter 11 Plan of Reorganization on April 8, 1998, well before the May 8 deadline by which parties were required to submit their ballots approving or rejecting the Plan. Due to his counsel's mistaken belief that these objections were sufficient to preserve his rights, Barlow did not submit a ballot by the deadline. He later filed a request that his objection to the Plan be considered as an informal ballot rejecting the Plan. The bankruptcy court took a dim view of Barlow's second failure to adhere to procedural requirements and denied his request to treat the objections as an informal ballot. On review, the district court determined that the bankruptcy court's decision constituted an abuse of discretion. We disagree.

This issue presents the same question discussed above - whether the bankruptcy court abused its discretion in refusing to give Barlow the benefit of the doubt after he failed to comply with procedural requirements.

Fed. R. Bankr. P. 3018 provides that a creditor in a Chapter 11 bankruptcy case must vote on proposed Reorganization Plans by submitting a ballot. Barlow failed to submit his ballot despite having received one, because his attorney was

an informal ballot. After hearing argument, the bankruptcy court found Barlow's failure to file a formal proof of claim inexcusable and denied his Motion to Allow Amendment of the Informal Proof of Claim as a Formal Proof of Claim. The bankruptcy court further declined to consider Barlow's objections to Waterman's Plan as an "informal ballot" and denied all of his motions. The bankruptcy court's findings meant that Barlow's claim was disallowed and he was no longer considered a party in interest with a right of recovery against Waterman. At the conclusion of the hearing, the Bankruptcy Court approved Waterman's Plan of Reorganization pursuant to § 1129(a) of the Bankruptcy Code. Barlow filed a Notice of Appeal with the United States District Court for the Eastern District of Michigan, and Waterman filed a Motion to Dismiss the Appeal.

## II.

The district court received briefs and heard oral argument on both Barlow's appeal and Waterman's Motion to Dismiss the Appeal. On March 19, 1999, the district court issued a Memorandum and Order vacating and remanding the bankruptcy court's decisions, finding that the bankruptcy court had abused its discretion in failing to treat Barlow's pre-bar date filings as an informal proof of claim and in failing to treat his objections to Waterman's Plan as an informal ballot. Waterman filed a timely Notice of Appeal with this Court.

## III.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 158 and 1291. We note that our review process is slightly different from our normal standard of review when reviewing appeals which originated in the bankruptcy courts. First, we directly review the bankruptcy court's decision rather than the district court's review of the bankruptcy court's decision. *See In re Trident Assocs. Ltd. Partnership,* 52 F.3d 127, 130 (6th Cir. 1994). As explained in *In re Omegas Group, Inc.,* this Court accords discretion in reviewing only the original bankruptcy court findings, not those included in the decision rendered by the district court, since "[t]his court is 'in as good

a position to review the bankruptcy court's decision as is the district court.'" 16 F.3d 1443, 1447 (6th Cir.1994) (quoting *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 814 (9th Cir.1985)).

As always, we review the bankruptcy court's conclusions of law de novo, while we review its factual findings for clear error. *See In re Rembert,* 141 F.3d 277, 280 (6th Cir.1998). Whether an informal proof of claim should be allowed is an equitable determination by the bankruptcy court. *See In re Houbigant, Inc.* 190 B.R. 185, 187 (Bankr. S.D.N.Y.1996). Equitable determinations are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion. *See In re Zick*, 931 F.2d 1124, 1126 (6th Cir. 1991). An abuse of discretion is defined as a "definite and firm conviction that the [court below] committed a clear error of judgment." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.1996). The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion. *See Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. Cir.1982); *see also In re Carter*, 100 B.R. 123, 126 (Bankr. D. Me. 1989).

## IV.

Under Rule 3003 of the Federal Rules of Bankruptcy Procedure, a creditor whose claim is scheduled as disputed must file a proof of claim. A proof of claim is a written statement which sets forth a creditor's claim against a debtor and must "conform substantially to the appropriate official form." Fed. R. Bankr. P. 3001(a). A proper proof of claim must include:

1. Name and address of Creditor;
2. Basis for the claim;
3. Date that debt was incurred;
4. Classification of the claim;

parties involved. We further note that Waterman's Plan for Reorganization called for the reimbursement of all of its creditors over two and a half years if Barlow's claim were disallowed, and over five years if his claim were allowed.

The district court reversed the bankruptcy court's judgment, finding that Barlow's omissions were mere "technical defects" which were salvageable in equity and pointing out that distribution of the estate under the Plan has not been substantially consummated, such as would complicate matters in the event Barlow was reinstated as a party in interest. While the district court's position is undoubtedly a reasonable one, it fails to give proper deference to the bankruptcy court's judgment. The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision. If reasonable persons could differ as to the issue, then there is no abuse of discretion. *In re Carter,* 100 B.R. at 126.

The practice of bankruptcy law is built on a foundation of providing proper notice to creditors, debtors, and the court and it is fraught with the perils and pitfalls of missed deadlines for its practitioners. The informal proof of claims process is an exception to the formalities of the Bankruptcy Code, but it is one which must operate within the confines of a system whose ultimate goal is the equitable and timely distribution of bankruptcy estates. We certainly understand the bankruptcy court's unwillingness to allow Barlow to state his demands with such imprecision that the court and the parties must wade through his multiple and lengthy pleadings to frame his exact demands. The bankruptcy court further expressed its belief that to allow Barlow to go back and formalize his claim would result in undue delay and prejudice to the debtor, whose primary interest is to settle the debts of the bankruptcy estate. We further note that Waterman's other creditors, who have adhered to the procedural requirements, also have an interest in the outcome of this matter, for if Barlow's claim is allowed, it will take twice as long for Waterman to discharge its debt to them.

uncertain one - on the bankruptcy estate. We likewise conclude that Barlow's motions were sufficient to express his intent to hold the estate liable for that demand.

Having determined that the four prongs of the *Vaughn* test have been met, we find that Barlow submitted a valid informal proof of claim. Our inquiry does not end there, however, as we turn next to the fifth and arguably most critical element of the analysis - whether allowance of the informal proof of claim would be equitable under the circumstances.

In *In re Nikoloutsos*, 199 F.3d 233 (5th Cir. 2000), the Fifth Circuit reversed the district court's finding that a complaint did not meet the informal proof of claims requirement under a five-part test identical to the one in *Vaughn*. The district court found that although the creditor's complaint met prongs one through four, it failed the fifth factor - the balancing of the equities. The Fifth Circuit reversed the judgment of the district court, finding that the district court had placed undue emphasis on factors which did not have a direct bearing on the equitability of the matter, and that in light of the circumstances of the case denial of the informal proof of claim would be "extremely harsh." *Id.* at 237.

## VI.

The bankruptcy court in the instant case made it very clear that it considered Barlow's attempt to rely on his pre-bar date pleadings to be impermissible burden shifting. To wit, the bankruptcy court pointed out that by relying on his motions, Barlow was in essence requiring the court and the other parties in interest to sift through his pleadings - categorized by the bankruptcy court as "voluminous" - in an effort to ascertain Barlow's exact demands. As a result, the bankruptcy court found that Barlow's filings were not sufficient to constitute an informal proof of claim. The court went on to find that the delay caused by Barlow's improper filing was prejudicial to Waterman, which was trying to proceed with its Plan to pay its creditors. In ruling on an action in equity, we must balance the interests of *all* the

5.    Amount of claim; and
6.    Copies of any documents supporting the claim.

Official Form 10. The failure to file a proof of claim is grounds for disallowance under the Bankruptcy Code. 11 U.S.C. § 502(b)(9). The bankruptcy court may extend the time for filing a proof of claim "for good cause shown" or "excusable neglect." Fed. R. Bankr. P. §§ 3303(c)(3) and 9006(b). However, Barlow's claim is not based on either of these claims; rather, he seeks to invoke the common law doctrine of "informal proof of claims."[3]

The notion of informal proof of claims has been in existence for nearly a century.[4] *See Hutchinson v. Otis,* 190 U.S. 552, 555 (1903); *see also J.B. Orcutt Co. v. Green*, 204 U.S. 96, 102 (1907). It permits a bankruptcy court to treat the

---

[3] The Dissent argues that our focus should be on whether Barlow's failure to file a proof of claim or vote on the reorganization plan is "excusable neglect" within the meaning of Bankruptcy Rule 9006(b)(1). However, Barlow has never contended that this provision applies, but rather has presented the issue as "whether Appellee Barlow met the requirements of an informal claim." Assuming, *arguendo*, that this claim was properly before this Court, we would review the Bankruptcy Court's finding that Barlow's neglect was inexcusable under an abuse of discretion standard. Because our inquiry parallels that necessitated by the claim actually raised and addressed, the conclusion is the same. The outcome is one over which reasonable minds could differ, and cannot be deemed an abuse of discretion.

[4] To the extent Waterman maintains that the informal proof of claims doctrine has been invalidated by the Bankruptcy Reform Act of 1994 (the "1994 Act"), we summarily dispense with this claim. Waterman contends that § 502(b)(9) of the 1994 Act does away entirely with the informal proof of claims doctrine by requiring all proofs of claim to be timely filed. This argument fails for two reasons. First, as noted by the district court, there are numerous cases throughout the country which have allowed informal claims as timely proof of claims even after the enactment of the 1994 Act. *See, e.g., In re Leis*, 198 B.R. 257 (Bankr. N.D. Ohio 1996); *see also In re Michelex Ltd.*, 195 B.R. 993, 1007 (Bankr. W.D. Mich. 1996). Second, Waterman has failed to cite a single case in which § 502(b)(9) of the 1994 Act has been employed to bar informal claims. We find that the informal proof of claims doctrine is still very much alive.

pre-bar date filings of a creditor as an informal proof of claim which can be amended after the bar date so that it is in conformity with the requirements of Fed. R. Bankr. P. 3001(a).

Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules. As one court has stated:

The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor.

*In re WPRV-TV, Inc.*, 102 B.R. 234, 238 (Bankr. E.D. Okla. 1989).

Creditors who ignore the formalistic requirements of the Code do so at their own peril, however, as they run the risk of being denied use of the informal proof of claims doctrine if their pre-bar date actions do not meet the standards imposed in their jurisdiction. These standards are designed to protect the interests of the debtor as well as the other creditors who saw fit to follow the Code's rules and whose interests may be directly affected by the delinquent creditor's failure to file in a timely fashion. It is a delicate balance. On the one hand we do not wish to enact too heavy-handed a measure to punish a creditor who may not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable. On the other hand, we must protect the rights and interests of the parties at interest whose diligence entitles them to a timely distribution of the estate.

The standards used by courts varies throughout the country, but this jurisdiction has settled on a four element test articulated in *In re Vaughn Chevrolet*, 160 B.R. 316 (Bankr. E.D. Tenn. 1993):

1.  The proof of claim must be in writing;
2.  The writing must contain a demand by the creditor on the debtor's estate;
3.  The writing must express an intent to hold the debtor liable for the debt; and
4.  The proof of claim must be filed with the bankruptcy court.

*In re Vaughn*, 160 B.R. at 319 (citing *In re McCoy Management Servs., Inc.*, 44 B.R. 215, 217 (Bankr. W.D. Ky. 1984)). The *Vaughn* court went on to state that if a filing meets the above considerations, the court may examine a fifth factor - whether it would be equitable to allow the amendment of the informal proof. *Id.* at n. 2. We note at the outset that the first four factors under *Vaughn* are indicative only of the proposed claim's validity, while the fifth factor deals with the question of whether the amendment should be allowed once the informal proof of claim is determined to be valid. *Id.* They are separate inquiries, as will be discussed below.

## V.

In applying the *Vaughn* test to Barlow's pre-bar date filings, it is obvious that he meets the first and fourth prongs of the test. The pleadings were certainly writings and they were filed with the bankruptcy court. The second and third prongs of this test are less obvious, for although the pleadings referenced Barlow's claim, they contained some inaccuracies and inconsistencies with respect to the amount of the claim and the date that the debt was incurred. However, bearing in mind that we are applying the standards of a doctrine designed to lower the technical barriers to filing a claim, we are ultimately persuaded that the substance of Barlow's motions made clear to both the bankruptcy court and Waterman that Barlow was making a demand - albeit a rather