Janet A. ATKINSON, Plaintiff,

v.

Robert J. KESTELL, Defendant.

Civil Action No. 97–0239(JHG).

United States District Court,
District of Columbia.

Feb. 10, 1997.

Richard E. Hagerty, Miles & Stockbridge, Rockville, MD, for Janet A. Atkinson.

*MEMORANDUM OPINION AND ORDER*

JOYCE HENS GREEN, District Judge.

Plaintiff has filed the instant action seeking to enforce two judgments rendered by the Circuit Court for Montgomery County, Maryland, as a result of the 1993 divorce between Plaintiff and Defendant. Although she entitled this action "Complaint for Enforcement of Judgments," she concurrently requested a writ of attachment *before* judgment and moved to waive the bond required for such an attachment. However, as discussed below, this Court lacks subject matter jurisdiction over Plaintiff's action. Therefore, Plaintiff's suit, and its associated request and motion, will be *sua sponte* dismissed.

## I. Background

Plaintiff and Defendant were granted a judgment of absolute divorce by the Circuit Court for Montgomery County, Maryland, on December 3, 1993.[1] As part of the divorce judgment, Plaintiff was awarded an $111,475 marital award, $20,000 in attorney's fees, $1,221.91 in rent, plus alimony and child support. On December 15, 1993, Defendant filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland. That court denied Defendant a discharge in bankruptcy after finding that he concealed assets in order to defraud his creditors. *In re Robert J. Kestell*, No. 93-1-6838-PM (Bankr. D.Md. March 17, 1995). This decision was affirmed by both the United States District Court for the District of Maryland, *In re Robert J. Kestell*, No. AW 95-1199 (D.Md. Oct. 10, 1995), and the United States Court of Appeals for the Fourth Circuit, 99 F.3d 146, 150 (4th Cir.1996). In February 1996, the Maryland Circuit Court found Defendant in contempt for his failure to pay alimony and child support and entered a judgment in Plaintiff's favor for $12,600. Defendant now resides in Jamaica.

■ In this action, Plaintiff seeks to recover her Maryland state court judgments by attaching Defendant's wages and termination or severance benefits.[2] In addition, Plaintiff requests a Writ of Attachment Before Judgment to prevent Defendant from secreting these assets from her. Finally, Plaintiff seeks to avoid the bond requirements imposed on those seeking such a Writ. Presumably because Defendant is employed by the Inter-American Development Bank, an international organization pursuant to 22 U.S.C. § 288 with offices in the District of Columbia, Plaintiff brought this action in the United States District Court for the District of Columbia.

## II. Discussion

■ It is a long-established principle that "federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). To issue a valid decision in any case, a federal court must first have jurisdiction over both the subject matter and the parties. *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982). Therefore, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Syst. R.R.*, 760 F.2d 1249, 1251 (11th Cir.1985). In this case, Plaintiff contends that 28 U.S.C. § 1334(b) and 22 U.S.C. § 283f confer jurisdiction on this Court. However, a brief analysis of both sections reveals that neither is sufficient to confer jurisdiction in this case.

"[n]othing in the language of section 1963 grants authority to a district court to register judgments of any courts other than the district courts or the Court of International Trade. The language is unambiguous." *Fox Painting Co. v. National Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994). Therefore, plaintiff's state court judgments are not properly before this Court.

---

1. All background facts are taken from Plaintiff's Complaint.

2. State court judgments cannot be registered in this Court. Congress has provided that "a judgment in an action for recovery of money or property entered in any district court or in the Court of International Trade may be registered by filing a certified copy of such judgment in any other district." 28 U.S.C. § 1963. However,

*28 U.S.C. § 1334(b)*

This statutory section is entitled "Bankruptcy cases and proceedings" and states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [Bankruptcy], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In an attempt to confer jurisdiction on this Court, Plaintiff contends that hers "is an action 'arising in or related to [a case] under title 11.' "Complaint ¶ 3. The fatal flaw in Plaintiff's argument is the fact that Defendant's bankruptcy petition has been conclusively dismissed. Without the existence of an estate in bankruptcy, there is nothing for Plaintiff's current action to be related to or to arise in.

"Arising in" jurisdiction under 28 U.S.C. § 1334(b) is limited to "administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy proceeding." *In re Pettibone Corp.,* 135 B.R. 847, 851 (Bankr.N.D.Ill.1992) (no "arising in" jurisdiction to hear cross-claims for indemnification between third-parties to bankruptcy because such claims "can have an existence outside of the bankruptcy"); *see In re Leco Enters., Inc.,* 144 B.R. 244, 249 (S.D.N.Y. 1992) (breach of contract claims between third-parties are not within court's "arising in" jurisdiction because they are not matters which can only arise in context of bankruptcy proceeding); 1 King, COLLIER ON BANKRUPTCY, ¶ 3.01[4][c][iv], at 3–26 to –27 (15th ed. rev.1996). Plaintiff's attempt to attach her ex-husband's wages or severance pay to satisfy her divorce judgment is not an administrative matter arising in any bankruptcy case. Therefore, this Court lacks "arising in" jurisdiction to adjudicate Plaintiff's action.

■ Similarly, "related to" jurisdiction is restricted to those civil proceedings in which "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984); *compare Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 774 (8th Cir.1995) (finding District Court had no jurisdiction where, regardless of who prevailed, there would be no effect on administration of the bankruptcy estate) *with Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 583–84 (6th Cir.1990) (finding "related to" jurisdiction where any recovery would be paid from estate). Because Defendant's petition for discharge in bankruptcy was dismissed, there is no "estate being administered in bankruptcy." This Court cannot possibly have jurisdiction "related to" a non-existent bankruptcy proceeding.

*22 U.S.C. § 283f*

■ International organizations, as defined in 22 U.S.C. § 288, are immune from suit to the same extent as foreign governments, except to the extent that the international organization has expressly waived its immunity. 22 U.S.C. § 288a. The Inter-American Development Bank, Defendant's employer, is such an international organization. 22 U.S.C. § 288. However, the Inter-American Development Bank has broadly waived its immunity. *Lutcher S.A. Celulose e Papel v. Inter-American Dev. Bank,* 382 F.2d 454, 457–60 (D.C.Cir.1967) (construing Agreement establishing the Inter-American Development Bank). Referring specifically to the Inter-American Development Bank, the United States Code provides that for "any such action at law or in equity to which the Bank shall be a party shall be deemed to arise under the laws of the United States, and the district Courts of the United States shall have original jurisdiction over any such action." 22 U.S.C. § 283f (emphasis added). However, in this action, Plaintiff has not sued the Inter-American Development Bank. She has sued only her ex-husband. Therefore, the provisions of the United States Code conferring jurisdiction over the Inter-American Development Bank are not applicable in this case and do not provide this Court with jurisdiction over the defendant named in this suit.

## IV. Conclusion

This Court is sympathetic to Plaintiff's desire to enforce her existing state court judgments against an ex-spouse who is in a foreign country. However, this Court's lack of jurisdiction is fatal to Plaintiff's current action. The courts of the District of Columbia

may provide Plaintiff with a suitable enforcement mechanism since the Inter–American Development Bank itself would not be a defendant. Alternatively, Jamaica may be signatory to a relevant international convention on the recognition and enforcement of judgments or to a bilateral treaty with the United States, or it may have implemented an appropriate enforcement mechanism as part of its domestic law. Nonetheless, this is not the decision this Court must make.

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's request for a Writ of Attachment Before Judgment is dismissed; it is

**FURTHER ORDERED** that Plaintiff's Motion for Waiver of Bond Requirement is dismissed; and it is

**FURTHER ORDERED** that Plaintiff's suit is dismissed with prejudice.

IT IS SO ORDERED.