**In re JUDY WOOD PUBLISHING CORP., Debtor.**

No. 00–60333–T.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Nov. 8, 2002.

Lynn L. Tavenner, Tavenner & Beran, PLC, Paul S. Biley, Jr., James J. Burns, Williams, Mullen, Clark & Dobbins, Richmond, VA, Carl A. Eason, Wolcott, Rivers, Wheary, Basnight, Kelly, Virginia Beach, VA, for creditor.

Harry Shaia, Jr., Spinella, Owings & Shaia, P.C., Richmond, VA, for Judy Wood Publishing Corp.

Loc Pfeiffer, Peter Barrett, Kutak Rock L.L.P., Richmond, VA, for Kevin R. Huennekens.

David E. Smith, McSweeney & Crump, P.C., Richmond, VA, for Judy W. Wood.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held on October 10, 2002, on a motion by James River Press, L.L.C. (James River) to allow a late-filed proof of claim as an amendment to a timely, informal proof of claim. Judy W. Wood (Judy Wood), an unsecured creditor, opposed the motion. The chapter 7 trustee, who had earlier filed an objection to the late proof of claim did not oppose the motion to amend. After hearing evidence and argument the court took the motion under advisement.

For the court to determine if James River made an informal proof of claim against the chapter 7 estate of Judy Wood Publishing Corporation, the court must consider whether "sufficient notice of the claim has been given in the course of the bankruptcy proceeding." *Fyne v. Atlas Supply Co. (In re Fyne)*, 245 F.2d 107, 107 (4th Cir.1957). If an informal proof of claim is established by the evidence then the court must decide if amendment to the informal proof of claim is equitable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

For the reasons stated hereinafter, the court will grant James River's motion to amend the late-filed proof of claim to an informal proof of claim.

### Facts.

On April 13, 2000, debtor corporation filed a voluntary bankruptcy petition under chapter 7. Debtor listed James River in its master mailing list of creditors filed with

the petition. *See* Obj. of Judy Wood at 3. James River was a creditor due to unliquidated litigation arising from debtor's failure to pay for paper products, publication information, and business services James River had provided. Further acknowledging the litigation, debtor's schedules listed a "[c]ounterclaim against James River Press; [of which] collectibility [is] questionable and contingent on a favorable ruling in litigation." *See* Debtor's Schedule B. Debtor valued its counterclaim at $30,000. *See id.*

On April 14, 2000, Kevin Huennekens was appointed trustee. On April 28, 2000, James River and debtor's counsel exchanged correspondence, wherein James River's counsel requested from debtor's counsel specific information regarding publishing and security agreements of the parties. *See* Obj. of Judy Wood at 3.

On June 2, 2000, the trustee submitted an amended application to employ Kutak Rock as counsel. In this application the trustee disclosed that "Kutak Rock represented previously the principals of James River [Press], L.L.C. ('James River'). James River is a creditor herein and is the plaintiff in a suit against the Debtor." Am. Application to Employ Kutak Rock at 2.

On August 12, 2000, the clerk sent notice to creditors of the need to file a proof of claim and setting a bar date of November 10, 2000.

In addition to the above-listed activities which took place prior to the bar date, James River also attended several § 341 meetings. At these meetings James River's representatives informed the trustee of corporate entities that may have been omitted from the debtor corporation's schedules. *See* Debtor's Ex. 1. At the initial § 341 meeting, James River's representatives, Gay, its attorney and Rhodes, its manager, made the trustee aware of the interrelated corporate entities involved with the debtor as James River sought to "pull into the assets of the Debtor the assets of Judy Wood Consulting." *See id.* at 3; James River Ex. 1. This effort brought to light the fact that there was no separate consulting entity among Judy Wood's holdings. This drew the trustee's attention to Judy Wood, Inc., the owner of Judy Wood Consulting. *See id.* In addition, at some point prior to the bar date, James River provided the trustee with a copy of its suit filed against the debtor in state court.[1]

Also prior to the bar date, in August 2000, the trustee's counsel asked Rhodes to attend the trustee's examination of Judy Wood, and to provide help regarding copyright issues on items the debtor published. *See* Debtor's Ex. 1A. Trustee's counsel sent Rhodes transcripts of § 341 meetings he had been unable to attend, to aid in preparation for this examination. *See id.*

On June 28, 2002, one week after learning that it had failed to file a proof of claim prior to the bar date in 2000, James River untimely filed a late proof of claim in the amount of $177,049.75. Thereafter the trustee objected to James River's late-filed proof of claim.

### *Conclusions of Law.*

### *Finding an Informal Proof of Claim*

■ To determine whether James River has made a timely informal proof of claim against the chapter 7 estate of the debtor corporation the court must consider

---

1. While testimony at the hearing on this motion did not elaborate on when the state court documents were provided to the trustee, it is clear from James River's exhibit 2 that pleadings and correspondence regarding the lawsuit were provided to the debtor prior to the bar date. *See* James River's Ex. 2 at 2.

whether "sufficient notice of the claim has been given in the course of the bankruptcy proceeding." *In re Fyne*, 245 F.2d 107 (4th Cir.1957). This standard has been expanded upon since the *Fyne* opinion was rendered in *Davis v. Columbia Constr. Co., Inc. (In re Davis)*, 936 F.2d 771 (4th Cir.1991), and in an unpublished opinion by the Fourth Circuit, *Hardgrave v. La Rock (In re Hardgrave)*, No. 94–1832, 1995 WL 371462, 1995 U.S.App. LEXIS 15506 (4th Cir. June 21, 1995). In *Davis* the court held that the creditor, who was the "IRS[,] did nothing that would alert other parties to the presence of its claim...." *Id.* at 776. This resulted in the court finding that "no action by the IRS ... could be construed as a timely filed informal claim which could later be amended." *Id.* The court further stated that "[m]ere knowledge of the claim on the part of the trustee is not sufficient notice to permit an amended claim, nor is the listing of the claim in the debtor's schedule." *Id.* Based on that reasoning the court in *Davis* found that the IRS had not made an informal proof of claim that could be amended.

In *Hardgrave* the court held that if the creditor "ha[d] taken 'some affirmative action to constitute sufficient notice that he has a claim against the estate'" then its claim should be allowed. *Id.* at *2, 1995 U.S.App. LEXIS 15506, at *8 (quoting *In re Davis*, 936 F.2d. at 775–76). In the *Hardgrave* opinion the court cited examples of such affirmative actions, including participation in the first § 341 meeting, filing objections to the debtor's claimed exemptions, filing a complaint to determine dischargeability, or where the creditor's involvement in the case had increased the value of the debtor's estate. *See Hardgrave* at *3, 1995 U.S.App. LEXIS 15506, at *9 (citing *In re Davis*, at 776; *Scottsville Nat'l Bank v. Gilmer*, 37 F.2d 227, 228 (4th Cir.1930); *Dabney v. Addison (In*

*re Dabney*), 65 B.R. 348, 352 (E.D.Va. 1985)).

In this case, James River is listed in debtor's master mailing list of creditors. *See* Obj. of Judy Wood at 3. James River is listed as being involved in litigation with the debtor on debtor's schedule of assets as well as in the trustee's application to employ counsel. *See* Debtor's Schedule B; Am. Application to Employ Kutak Rock at 2. These three references to James River's claim are in court documents, providing sufficient notice to other parties.

In addition, James River's representatives attended the first and several other § 341 meetings. *See* Debtor's Ex. 1. Its manager, Rhodes, attended the trustee's examination of Judy Wood. *See* Debtor's Ex. 1A. James River played an essential role in clearing up the gray areas between debtor corporation's many entities and provided trustee a copy of James River's unliquidated state court pleadings. While the evidence is not clear on when this copy was provided, the court gleans from the evidence that they were provided to trustee's counsel prior to the bar date. *See* James River's Ex. 2 at 2.

It is noteworthy that the trustee had earlier objected to this late-filed proof of claim but did not oppose this motion. The trustee has also not acted upon the debtor's $30,000.00 scheduled interest in the unliquidated counterclaim against James River.

Considering James River's communications with the trustee and its abundance of efforts on behalf of the estate prior to the November 2000 bar date, the court finds that James River's actions and the court's record provided sufficient notice to the parties for the court to find that a timely informal proof of claim was made by James River.

### Allowing an Informal Claim to be Amended

In determining whether the court should permit amendment of the informal claim, the court must consider whether amendment is equitable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Alongside *Pioneer* the court also considers recent Fourth Circuit interpretations of *Pioneer.* In *Davis* the court considered the fact that "allowing the 'amended claim' . . . would severely reduce the size of the estate available for distribution to Debtor's other creditors." *Id.* at 776. In addition in *Davis* the court found that allowing the claim to be amended would give the IRS a priority claim over creditors who timely filed their proofs of claim. *See id.*

In Hardgrave, the court considered the "potential adverse impact" that allowing the amendment of a late-filed proof of claim might have on other creditors. *See id.* at \*3, 1995 U.S.App. LEXIS 15506, at \*10. The *Hardgrave* court deemed that such an impact would arise if a distribution had already taken place in the case. *See id.*

In *Pioneer,* the Supreme Court reasoned that in permitting the amendment of an informal claim courts should consider " 'the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489 (quoting *In re Pioneer Inv. Servs. Co.,* 943 F.2d 673, 677 (1991)). *Pioneer* also suggests courts should weigh the equities of the case when interpreting the "excusable neglect" language of Federal Rule of Bankruptcy Procedure 9006(b)(1), which controls the enlargement of time sought by means of an amendment of the informal proof of claim in this case. *See id.* at 394–395, 113 S.Ct. 1489.

Weighing the considerations suggested by common law, in the instant case the trustee has not yet made a distribution of assets and the James River claim would not gain any priority over other unsecured creditors if amendment were permitted. However, if James River's unliquidated claim for \$155,049.75 is allowed, it will be the second largest claim amongst the debtor's \$571,227.64 total liabilities. *See* James River's June 28, 2002, Proof of Claim; Debtor's Pet. at 21. In addition, James River's proof of claim was filed nineteen months after the bar date. Despite this, within a week of hearing from trustee's counsel regarding the lack of a proof of claim, James River untimely filed its proof of claim. *See* James River's Ex. 2 at 2.

The court also considers the various efforts of James River to improve the value of the estate. James River provided aide to the trustee when requested and remained involved in the proceedings by attending meetings and providing its knowledge of the complex corporate structure of the debtor. Further, in comparing James River's efforts to those of the movant, Judy Wood, the court notes that she is a central player in the debtor corporation as well as in her own claim. She clearly had knowledge of the existence of the outstanding litigation underlying this late proof of claim.

Finally, the court notes that there has been no evidence of prejudice to the debtor should this amendment be allowed. There has also been no evidence of bad faith on the part of James River in its seeking amendment at this point in the case.

After considering the facts and the law the court concludes that despite the com-

parative size of James River's claim, the court's allowance of the amendment of the informal proof of claim does not prejudice the smaller claimants who timely filed. Instead James River would only be permitted the opportunity to pursue its $155,049.75 claim. The trustee will have to determine whether there is a basis to object to the merit of James River's claim. Further, despite the lateness of the claim, the equities favor James River due to the efforts that it made to enhance the value of the estate.

Therefore the court will grant the motion to amend the informal proof of claim.

A separate order shall be entered.